FILED

2018 Aug-22  AM 09:58
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

**THOMAS WILLIAMS,**      *

                       *

     **Plaintiff,**      *

                       *

**v.**                        *          **Civil Action No.:**

                       *          **5:18-cv-1316-CLS**

                       *

**BIG HEART PET BRANDS, INC.** *

**and COAST PERSONNEL**    *          **JURY DEMAND**

**SERVICES, INC.**          *

                       *

     **Defendants**      *

## AMENDED COMPLAINT

## I.    INTRODUCTION

1.    This is an action for legal and equitable relief to redress race discrimination and retaliation against Thomas Williams. The suit is brought pursuant to Plaintiff's rights as secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq.*, as amended by the Civil Rights Act of 1991, (hereinafter "Title VII"); and 42 U.S.C. §1981 (hereinafter "§1981"), which provide for relief against discrimination and retaliation in employment. Plaintiff seeks injunctive relief, equitable relief, compensatory damages, and punitive damages.

## II.    JURISDICTION & VENUE

2.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331,

1343, 2201 and 38 U.S.C. §4323(b)(3).

3.     The Plaintiff requests a jury trial on all issues so triable.

**III.    PARTIES**

4.     Plaintiff, Thomas Williams, is an African-American male resident of the State of Alabama and is over the age of 19 years.

5.     Defendant, Big Heart Pet Brands, Inc. (hereinafter "Big Heart Pet"), is an employer doing business in this district and division at its Decatur, Alabama location, and at all times relevant to this action, the Defendant is an employer within the meaning of 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964. Venue is proper in this Court pursuant to 28 U.S.C. §1367 and 38 U.S.C. §4323(c)(2).

6.     Defendant, Coast Personnel Services, Inc. (hereinafter "Coast Personnel"), is an employer doing business in this district and division at its Huntsville, Alabama location, and at all times relevant to this action, the Defendant is an employer within the meaning of 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964. Venue is proper in this Court pursuant to 28 U.S.C. §1367 and 38 U.S.C. §4323(c)(2).

**IV.    STATEMENT OF FACTS AND CLAIMS**

7.     Plaintiff re-alleges and incorporates by reference paragraphs 1-6 above with the same force and effect as if fully set out in specific detail hereinbelow.

8.      On or about August 12, 2016, Plaintiff (African-American) was hired by Coast Personnel Services, Inc. to fill a forklift driver position with Big Heart Pet Brands, Inc. at its Decatur, Alabama location.

9.      Throughout Plaintiff's employment, Defendants were joint employers.

10.     Plaintiff performed this job with no complaints or disciplinary actions.

11.     In February 2017, Plaintiff learned that Big Coast Pet was hiring permanent workers. Defendant posted notice for permanent forklift operators. Plaintiff's supervisor asked Plaintiff if he was interested in one of the permanent jobs being filled. Plaintiff submitted his employment application online.

12.     Plaintiff learned that Big Coast Pet had hired new employees to fill these permanent employee positions and he contacted Amy Smith, Human Resources, to follow up on his job application.

13.     Smith told Plaintiff that she could not locate Plaintiff's job application, so he completed the online application again and was given a confirmation number.

14.     Plaintiff again tried to confirm with Amy Smith that she has received his application, and she told him she did not.

15      Plaintiff discussed the matter with supervisor, Jeff Nelson, and he said there is nothing he can do, but give a referral, if he is contacted.

16.     Plaintiff and his girlfriend repeatedly followed up with Defendant to

3

confirm receipt of his application.

17.    Four permanent employees were hired by Big Heart Pet and all permanent hires were white.

18.    Plaintiff was required to train the four white permanent employees.

19.    During Plaintiff's employment, his employer learned that Plaintiff had a white girlfriend.

20.    Plaintiff's co-worker made racial remarks over the warehouse radio, stating "you have screwed yourself letting your girlfriend come up here...now everybody knows she's white,"... "you will never get hired here cause this company don't like Black and White issues."  In addition, several other employees also made comments about Plaintiff having a white girlfriend.

21.    Plaintiff complained to his supervisor about the offensive comments; however, no corrective action was taken.

22.    Plaintiff also complained about these racial remarks to Big Heart Pet and to Nicole Shaw at Coast Personnel. Shaw spoke with Big Heart Pet Human Resources.  Defendants Coast Personnel and Big Heart Pet took no corrective or preventative action.

23.    Plaintiff also complained to Defendant Big Heart Pet and Defendant Coast Personnel about his failure to be hired permanently.

4

24.     On April 3, 2017, Plaintiff received a call from Coast Personnel stating that his assignment had ended.

25.     After Plaintiff's complaints related to the racial remarks and his failure to get hired as a permanent employee, he was terminated and not reassigned to other employment opportunities.

## COUNT ONE: CLAIM OF RACE DISCRIMINATION PURSUANT TO 42 U.S.C. §1981 & TITLE VII

26.     Plaintiff re-alleges and repleads the above and incorporates by reference paragraphs 1 through 25 above with the same force and effect as if fully set out in specific detail herein below.

27.     Plaintiff brings this action against Defendant Big Heart Pet for its discriminatory failure to hire Plaintiff for a permanent position.

28.     Plaintiff was subjected to disparate treatment by Defendant based on his race.

29.     Defendant posted openings for forklift operator.

30.     Plaintiff was qualified for the various positions.

31.     Plaintiff applied for the various positions.

32.     Plaintiff was not selected for the positions.

33.     Individuals outside Plaintiff's protected class were selected.

34.     Plaintiff was as qualified, if not more, qualified than the individuals selected.

35.     Defendant has no legitimate non-discriminatory reason for its conduct.

36.     Defendant's reason for its actions is pretext for race discrimination.

37.     Because of such conduct, Plaintiff has suffered severe emotional distress, embarrassment, and humiliation.

38.     Defendant's actions were willful, with malice and with reckless disregard for Plaintiff's rights.

## COUNT TWO: CLAIMS OF RETALIATION PURSUANT TO 42 U.S.C. §1981 & TITLE VII AGAINST BIG HEART PET

39.     Plaintiff re-alleges and repleads the above and incorporates by reference paragraphs 1 through 38 above with the same force and effect as if fully set out in specific detail herein below.

40.     Plaintiff brings this claim against Defendant Big Heart Pet.

41.     Defendant retaliated against Plaintiff by failing to select him for permanent position and by terminating Plaintiff's employment.

42.     Plaintiff engaged in protected activity.

43.     Plaintiff suffered adverse employment actions.

6

44.     As a result of Plaintiff's complaints of discrimination, Plaintiff was not hired permanently and was terminated by Defendant.

45.     A causal connection exists between the Plaintiff's protected activity and the adverse actions.

46.     Defendants have no legitimate non-retaliatory reasons for its conduct.

47.     Defendant's conduct is pretext for retaliation.

48.     Because of such conduct, Plaintiff has suffered severe emotional distress, embarrassment, and humiliation.

49.     Defendant's actions were willful, with malice and with reckless disregard for Plaintiff's rights.

## COUNT THREE: CLAIMS OF RETALIATION PURSUANT TO 42 U.S.C. §1981 & TITLE VII AGAINST COAST PERSONNEL

50.     Plaintiff re-alleges and repleads the above and incorporates by reference paragraphs 1 through 49 above with the same force and effect as if fully set out in specific detail herein below.

51.     Plaintiff is pursing this claim against Defendant Coast Personnel.

52.     Defendant retaliated against Plaintiff by failing to reassign Plaintiff to another position when his employment with Big Heart Pet ended.

53.     Plaintiff was qualified and available for positions.

7

54.     Plaintiff engaged in protected activity by complaining to Defendant regarding discriminatory treatment.

55.     As a result of Plaintiff's protected activity, he was not placed with an employer upon separation from Big Heart Pet.

56.     A causal connection exists between the Plaintiff's protected activity and the adverse actions.

57.     Defendant has no legitimate non-retaliatory reasons for its conduct.

58.     Defendant's conduct is pretext for retaliation.

59.     Because of such conduct, Plaintiff has suffered severe emotional distress, embarrassment, and humiliation.

60.     Defendant's actions were willful, with malice and with reckless disregard for Plaintiff's rights.

## V.     **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.     Grant the Plaintiff a declaratory judgment holding that the actions of the Defendants described hereinabove violated and continue to violate the rights of Plaintiff as secured by Title VII of the Civil Rights Act of 1964 and §1981.

2.     Grant the Plaintiff a permanent injunction enjoining the Defendants, their

8

agents, successors, employees, attorneys and those acting in concert with the Defendants and on the Defendants' behalf from continuing to violate Title VII of the Civil Rights Act of 1964 and §1981.

3.    Issue an injunction ordering the Defendants not to engage in discrimination and acts violative of Title VII of the Civil Rights Act of 1964 and §1981.

4.    Grant the Plaintiff an order requiring the Defendants to make Plaintiff whole by instating him to the position he would have occupied in the absence of the discrimination and retaliation, backpay (plus interest), front pay, compensatory damages, punitive damages, and/or nominal damages.

5    Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

Respectfully submitted,

*/s/ Rocco Calamusa, Jr.*
Rocco Calamusa, Jr.(asb-5324-a61r)
WIGGINS, CHILDS, PANTAZIS,
   FISHER & GOLDFARB, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
(205) 314-0500

9

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE BY A JURY.**

*/s/ Rocco Calamusa, Jr.*
OF COUNSEL

**Plaintiff requests this Honorable Court to serve via certified mail upon the Defendant the following: Summons, Complaint.**

**Defendant's Address:**
**Big Heart Pet Brands, Inc.**
**c/o C.T. Corporation System, Reg. Agent**
**2 North Jackson Street, Ste. 605**
**Montgomery, AL 36104**

**Coast Personnel Services, Inc.**
**c/o Beth Williams, Reg. Agent**
**12021 S. Memorial Parkway**
**Huntsville, AL 35803**

*/s/ Rocco Calamusa, Jr.*
OF COUNSEL